UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Meleanie & Scott Hain<br>Individually & as Husband & Wife<br>333 2nd Avenue<br>Lebanon, PA 17042<br>　　　　　　　　Plaintiffs<br>　　v.<br><br>Michael J. DeLeo<br>Individually & in his official capacity<br>400 S. 8th St.<br>Lebanon, PA 17042<br><br>And<br><br>Office of the Lebanon County Sheriff<br>400 S. 8th St.<br>Lebanon, PA 17042<br><br>And<br><br>Lebanon County<br>400 S. 8th St.<br>Lebanon, PA 17042<br><br>And<br><br>John Does 1-10<br>　　　　　　　　Defendants | :<br>:<br>:<br>:<br>: CIVIL ACTION NO.:<br>:<br>: JURY OF TWELVE (12) JURORS DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**CIVIL ACTION COMPLAINT**

### I. Preliminary Statement

1. This is an action for an award of attorney's fees and costs, compensatory, statutory, and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' Civil Rights violations arising from Plaintiff, Meleanie Hain's open carrying a firearm.

2. Individually, jointly or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known in discovery or at trial.

3. Plaintiff reserves the right to rely on the "Discovery Rule" and the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

### II. Jurisdiction and Venue

4. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

5. Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, is incorporated or does business here, or the subject of this action is situated within this district.

### III. Parties

6. Plaintiffs, Meleanie ("Plaintiff") and Scott Hain, are adult individuals, and husband and wife, citizens currently residing at the above-captioned address.

7. Defendant, Michael J. DeLeo ("DeLeo" or "Sheriff"), was at all times material the Sheriff of Lebanon County ("County") and at all times relevant hereto was the primary legal official responsible for any policy and other decisions governing actions relevant to this matter, and he was operating in his official capacity as an employee, worker, or agent of Defendants,

County and Sheriff's Office (see below), at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

8. Defendant, Office of the Sheriff of Lebanon County ("Sheriff's Office"), along with Defendant, County, at all times material granted Defendant, DeLeo, the legal authority for official responsibility for any policy and other decisions governing actions relevant to this matter, and was operating as an agency of Defendant, County, at the above-captioned address, having acted under color of state law.

9. Defendant, Lebanon County ("County"), is a municipality, registered to transact business in the Commonwealth of Pennsylvania, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls Defendant, Sheriff's Office, which Defendants, County and Sheriff's Office, employs Defendant, DeLeo.

10. Defendants, John Does 1-10, are individuals or entities affiliated with, associated with, doing business as, employed by, servants of or work-persons of Defendants, and have liability and responsibility hereunder.

    **IV.    Operative Facts**

11. On or about September 11, 2008, Plaintiff was lawfully upon the premises of Optimist Park ("Park") in Lebanon County, a public park within the jurisdiction and geographic limits of Defendant, County, for the purpose of Plaintiff's daughter's soccer game through Lebanon Recreational Youth Soccer ("LRYS").

13. At all times material, Plaintiff was granted the right, by the Second Amendment of the United States Constitution and state law, to openly carry a firearm.

14. At all times material, Plaintiff was licensed by Defendants and municipal authority to carry a concealed firearm.

15.     At the time, Plaintiff was, as permitted by all applicable laws and the Constitution of the United States and the Second Amendment thereto, openly carrying a legally possessed and displayed handgun, which was safely and properly secured in a holster.

16.     While at the soccer game, Plaintiff was approached by the opposing team's coach, Charlie Jones (non-party) ("Jones"), Defendant, County's Public Defender, who advised Plaintiff about other parents' concerns about Plaintiff's then openly carrying a firearm.

17.     Although Plaintiff was not doing anything improper, illegal or suspicious, Plaintiff moved to another part of the field after the above conversation.

18.     After the game, Plaintiff approached Jones in an attempt to explain her rights, provide an explanatory pamphlet, explain why she carries a firearm, and to otherwise calm any potential fears Jones or others may have had or harbored.

19.     Jones barely let Plaintiff speak, instead Jones made wild, false accusations re questioning Plaintiff's intentions of violence none of which were based on fact but seemingly arose out of Jones' unprovoked fears.

20.     Following the soccer game, Plaintiff received an email from Nigel Foundling (non-party) ("Foundling"), the director of LRYS, which was believed prompted by Jones.

21.      Without any basis, Foundling stated that Plaintiff would no longer be allowed to carry a firearm to any LRYS game and that any further "incidents" would be referred to the Lebanon City Police Department.

22.     Plaintiff responded to Foundling by requesting additional information about the complaint(s) made, the formal written rules of LRYS, and LRYS and Foundling's reasons for anticipating police involvement.

23.     Plaintiff did not receive a response from Foundling.

24. On the following Monday, September 15, 2008, Plaintiff and her daughter arrived for the previously scheduled soccer practice only to find that no one else attended-it had been cancelled.

25. Plaintiff was never contacted about the cancelled practice, which practice was conducted by Colleen Foundling (non-party), Foundling's wife.

26. On or about September 20, 2008, Plaintiff received a notice ("notice") dated September 17, 2007, authored by Defendant, DeLeo, that DeLeo, with implicit authority of co-Defendants, there revoked Plaintiff's License to Carry Firearms ("LTCF").

27. Prior to receiving the notice, Plaintiff was not provided a hearing, any judicial process, or even given an opportunity to speak with Defendant, Sheriff, or her accusers, defend her actions, or otherwise offer any rebuttal evidence prior to Defendants' unilateral revocation.  After receiving the notice pursuant to Plaintiff's "Right to Know" request vis-à-vis the circumstances underlying the revocation, Defendant, Sheriff and Sheriff's Office, refused to respond to that request.

28. The notice merely references Plaintiff's presence in the Park advising Plaintiff that some unidentified individuals in the Park were upset by Plaintiff's open carry.

29. At no point in the notice did DeLeo specifically reference any misconduct by Plaintiff, only that Plaintiff was observed carrying a weapon openly in a belt holster.

30. On or about September 19, 2008, a deputy ("deputy") in Defendant, Sheriff's Office, informed Plaintiff that her LTCF would be reinstated if Plaintiff agreed to conceal her firearm in the future.

31. Rejecting deputy's offer, on or about September 22, 2008, Plaintiff filed a formal appeal of Defendants' revocation of Plaintiff's LTCF.

32.     On or about October 14, 2008, a hearing ("hearing') was held at which time Defendant, County, argued in favor of the revocation of Plaintiff's LTCF.

33.     At the hearing, Plaintiff's LTCF was reinstated by Judge Eby (non-party), that court confirming Plaintiff's good standing and Defendants' failure of meritorious prosecution or legal foundation.

### V.    Causes of Action

### COUNT I
### CIVIL RIGHTS VIOLATION- $1^{st}, 2^{nd}, 4^{th}, 5^{th}$ & 14th
*Plaintiff v. Defendants*

34.     Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

35.     At the time Defendant, Sheriff, revoked Plaintiff's LTCF, Plaintiff had not committed any infraction to justify the revocation.

36.     Defendant, Sheriff, had no cause to revoke Plaintiff's LTCF.

37.     At the hearing, Defendant, County, failed to articulate any even alleged infraction to justify the revocation.

38.     Defendant, County, had no cause to revoke Plaintiff's LTCF and to oppose Plaintiff's appeal, as was confirmed by the court.

39.     Defendants' actions deprived Plaintiff of her LTCF and separate rights guaranteed by the Second Amendment and state law, without due process of law.

40.     The above acts or omissions of Defendants were carried out with an intentional, conscious or reckless disregard of the rights of Plaintiff:

>   (a) to be granted an LTCF and separate, independent right to carry a firearm, to be shielded from revocation, except upon process of law;

    (b) to be protected in her person and property from unfounded, unilateral governmental prosecution, interference, seizure and intrusion;

    (c) to be protected from intentional, abusive, and malicious infringement of her Civil Rights; and

    (d) to be protected from other and further misconduct of Defendants herein discussed or as will become known during discovery or at trial.

41. Defendants actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

42. As a result, Plaintiff suffered and continues to suffer harm, including financial (wage loss, attorneys fees related to appeal representation, and loss of earning capacity) and emotional distress, *inter alia*, in violation of her rights under the laws and Constitution of the United States of America, in particular the First, Second, Fourth, Fifth and Fourteenth Amendments thereto, and Title 42 U.S.C. §1983, and its corollary under the Pennsylvania Constitution which includes Article I §§8 and 21.

## COUNT II
## CIVIL RIGHTS VIOLATION-*MONELL*
*Plaintiff v. County and Sheriff's Office*

43. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

44. Prior to the events described herein, Defendants', County and Sheriff's Office, developed and maintained policies, practices and customs exhibiting deliberate indifference to the constitutional right of persons within the geographic and jurisdictional limits of Lebanon County, which caused violations of Plaintiff's constitutional and other rights.

45. Specifically, Defendants', County and Sheriff's Office, failed to adequately and properly supervise and train its Sheriff in various aspects of law enforcement procedure and substance, including, but not limited to, the nature and existence of good cause, evaluation of character, the constitutional limitations on seizures, and the laws of the United States, Commonwealth of Pennsylvania and otherwise relating to the ownership and possession of firearms.

46. The above described acts or omissions by Defendants, County and Sheriff's Office, demonstrated a deliberate indifference to the rights of citizens of Lebanon County, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

## COUNT III
## CIVIL RIGHTS VIOLATION-*CONSPIRACY*
*Plaintiff v. Defendants*

47. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

48. The Civil Rights Act of 1866, as amended, 42 U.S.C. §§1985-1986, prohibits conspiracies to interfere with civil rights.

49. Defendants violated 42 U.S.C. §1985 in that they conspired for the purpose of impeding, hindering, obstructing and defeating the due course of justice with the intent to deny Plaintiff the protection of the laws and to injure her and her property.

50. Defendants have each done and have caused to be done acts in furtherance of this conspiracy whereby Plaintiff has been injured and has been deprived of her rights and privileges as a citizen of the United States.

51. Defendants had actual knowledge of the conspiracies to deprive Plaintiff of her rights, and had the power and opportunity to prevent the violations from occurring and continuing and failed to do so.

52. As a direct and proximate result of the above, Defendants caused Plaintiff to suffer significant indignities and financial and other damages and deprived Plaintiff of her rights and privileges as a citizen of the United States.

## COUNT IV
### Wrongful Use ("Dragonetti")/Abuse & Misuse of Process/Malicious Prosecution
*Plaintiff v. Defendants*

53. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

54. At all times relevant hereto, Defendants commenced, continued and prosecuted the revocation primarily for a purpose other than that of rightful or adjudication of the claim in which the proceedings were based.

55. At all times relevant hereto, Defendant acted intentionally or in a grossly negligent manner in commencing, continuing and or prosecuting the revocation for the purpose of suppressing Plaintiff's known or should have been known rights to open carry a firearm.

56. At all times relevant hereto, Defendants acted maliciously and for the primary purpose of harassing Plaintiff by the commencement, continuation and prosecution of the revocation.

57. At all times relevant hereto, Defendants intentionally and implicitly misrepresented the material facts underlying the revocation.

58. Defendants are liable to Plaintiff for her losses, expenses and damages pursuant to 42 Pa.C.S.A. 8351 et seq., titled Wrongful Use of Civil Proceedings, for Abuse and Misuse of Process, and Malicious Prosecution

## COUNT V– LOSS OF CONSORTIUM
Scott Hain v. Defendants

59.  Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

60.  Plaintiff, Scott Hain, husband of Plaintiff, Meleanie Hain, as a result of the aforesaid intentional, negligent, careless and reckless conduct of Defendants has lost the companionship, consortium, society and services of wife-Plaintiff, Meleanie Hain, to his great personal detriment and loss.

### VI. Prayer for Relief

**WHEREFORE**, Plaintiffs request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of $1,000,000.00 ($1 Million), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

   a. Injunctive relief including but not limited to monitoring and education;
   b. Statutory damages;
   c. Compensatory damages, including; and
       i. Actual damages for financial injury (including but not limited to wage loss and loss of earning capacity, and attorneys fees related to the revocation appeal) and emotional distress;
       ii. Attorneys fees and expenses, and costs of suit; and
       iii. Loss of Consortium.
   d. Punitive damages.

PROCHNIAK WEISBERG, P.C.

/s/ Matthew B. Weisberg, Esquire
MATTHEW B. WEISBERG, ESQUIRE
Attorney for Plaintiffs